[Civil No. 1005.   Filed March 27, 1908.]

[94 Pac. 1110.]

R. N. LEATHERWOOD, Plaintiff and Appellant, v. R. R. RICHARDSON and DAVID ALLEN, Defendants and Appellees.

1. APPEAL AND ERROR—STATEMENT OF FACTS—TRANSCRIPT OF RECORD—REPORTER'S NOTES—CERTIFICATION—REV. STATS. ARIZ. 1901, PAR. 1582, LAWS ARIZ. 1907, CHAP. 74, CONSTRUED.—Paragraph 1582, *supra,* or the rules of the court require the transcript of the reporter's notes to be certified in order to serve as a statement of the evidence, although it would not serve as a bill of exceptions. Chapter 74, *supra,* requires the transcript of the reporter's notes to be certified before it can be used as a bill of exceptions or a statement of the evidence. *Held,* that where an appeal was taken

prior to the passage of chapter 74, *supra,* the reporter's transcript, though not certified, is sufficient to enable the court to pass upon the questions raised by the assignments of error which relate to the sufficiency of the findings under the evidence of the case, and not to the rulings of the court upon the trial.

2. TRUSTS—ESTABLISHMENT—EVIDENCE—SUFFICIENCY.—In an action to establish a trust in land absolutely conveyed, the evidence of the alleged trustee that while he had no recollection of the transactions respecting the particular deeds in question, all the deeds that he took at about that time (of which there were a large number) in mining property were either "deeds of trust as security or else to assist in a sale," that he usually insisted upon having absolute deeds made, and that he did not pay any consideration therefor, was too vague and uncertain to establish a trust as prayed for.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

Rehearing.   Former opinion, *ante,* p. 163, 89 Pac. 503.

Frank H. Hereford, for Appellant.

Selim M. Franklin, for Appellees.

KENT, C. J.—At the last term of this court we affirmed the judgment in this case.   As we pointed out in our opinion, the record showed that there was no assignment of errors, no statement of facts or bill of exceptions, except in the form of a transcript of the reporter's notes; that such transcript had not been allowed by the trial judge, and hence could not be considered as a bill of exceptions; and that the appellant had in other particulars failed to comply with the requirements of the appellate procedure.   The appellant presented a motion for rehearing, in which he showed that by inadvertence the errors assigned were contained in the abstract, and not in the brief, and further presented reasons for his failure to comply with the requirements of the rules. Upon this showing we determined in this instance to grant a rehearing, and to consider the case upon the merits as if the requirements or the rules relating to appeals had been observed.   It is urged by the appellees that we may not, even

on the rehearing, consider the evidence in the case, since the reporter's transcript is not certified by the trial judge. Under the statute regulating appeals passed in 1907 and now in force, the contention of the appellees would be correct, for the reporter's transcript can now only serve as a bill of exceptions or as a statement of the evidence when it is certified by the judge. Laws 1907, c. 74. Prior to 1907, however, an uncertified transcript of the reporter's notes, while it did not serve as a bill of exceptions, was sufficient to serve as a statement of the evidence, since neither the statute of 1901 (Rev. Stats. 1901, par. 1582) nor the rules of court required such transcript to be certified in order to serve such latter purpose. The appeal in the case before us was taken prior to the passage of the statute of 1907, and the reporter's transcript, though not certified, is therefore sufficient to enable us to pass upon the questions raised by the assignments of error, which relate to the sufficiency of the findings under the evidence in the case, and not to the rulings of the court upon the trial.

The facts in the case are as follows: This was a suit brought by Leatherwood against Richardson and Allen, praying to be decreed the owner and entitled to the possession of a one-seventh interest in certain mines, and to require Richardson to execute to the plaintiff a deed for an undivided one-seventh interest therein. The mines, the subject of the action, were seven in number. As to the four of them one S. M. Lowell owned a one-fourth interest by virtue of being one of four locators thereof in 1878. As to the other mines, also located in 1878, Lowell seems to have had no legal title or interest. On May 27, 1879, Lowell conveyed by deed to one Williams an undivided one-fourth interest to five of said claims, and thereafter, on August 16, 1879, Lowell, by a deed reciting the former deed and containing a provision that it was the intention of Lowell by such former deed to convey "the full and entire interest, whether lawful or equitable," of Lowell, not only to the five claims, but also to the other two, conveyed to Williams all his "title and interest, estate, claim or demand, both in law or equity," to the seven claims in controversy. These two deeds were duly recorded shortly after execution. There is no evidence of any conveyance by Williams to any person of the interest in the property thus acquired by him so far as the four claims in which Lowell seems to have had a legal title to an undivided interest. In

1897 Williams by deed quitclaimed to Allen two of the other claims in controversy. In 1882 Lowell executed and delivered to the plaintiff a deed, which was recorded, wherein he purported to convey to the plaintiff an undivided one-seventh interest to the seven claims. In 1883 the defendant Allen, having performed the assessment work on the claims for that year, attempted under the statute to forfeit the claims of his co-owner Williams and others for failure to contribute their share of the expenses of the assessment work. The publication of the notice was apparently incomplete. In 1885 Williams disclaimed to Allen any interest in any of the mining claims, and since that date the defendant Allen has been in the possession of the claims, claiming the same adversely to Williams, and claiming to be the owner of the interest therein conveyed to Williams by the deed of Lowell. In 1897, the title to the claims being uncertain and in confusion, not only as to the Williams, but as to other, interests, the defendant Allen, who had up to that date performed the assessment work on the claims, concluded to omit the assessment work for that year, for the purpose of acquiring a new title to the property by procuring the defendant Richardson to relocate the claims as abandoned claims in the year following, to wit, 1898, as a trustee for himself and certain others to whom Allen conceded an interest in the property, not including the plaintiff or Lowell or Williams. This arrangement was carried out, and the claims relocated by Richardson as such trustee in March, 1898, since when the defendants and their grantees have been in possession, claiming under the relocations. This suit was brought in 1902.

The trial court found the facts substantially as above set forth—that Williams had abandoned his interest in 1885, and that the plaintiff had no right, title or interest to the property, and was not entitled to a judgment in the action, and dismissed the complaint. From this judgment Leatherwood has appealed.

The assignments of error which we may consider, though several in number, all depend upon the alleged error of the trial court in its failure to find that, in the conveyance of the property by Lowell to Williams, Williams took title simply as a trustee for Lowell, and that, under the deed from Lowell to Leatherwood, Leatherwood had an equitable one-seventh interest in the property, which interest existed at the time of the relocation of the mines in 1898, and which interest

the appellant contends should have been found and adjudicated in this suit.

The present contention of the appellant is that the deeds to Williams, though absolute on their face, in fact conveyed to him the title only as a trustee for the purpose of making sale of the property; that the purpose of the trust not having been fulfilled, and Lowell having subsequently deeded a one-seventh interest to Leatherwood, Leatherwood is the equitable owner of a one-seventh interest in the property; and, since the statute of limitations cannot be availed of as against a co-owner, and Allen could not by the subterfuge of relocation deprive a co-owner of his interest, that Leatherwood is still the equitable owner of such one-seventh interest in the property, and should have the legal title to such interest conveyed to him in this suit. The complaint alleges a one-seventh legal ownership in Leatherwood of the property, sets up the alleged fraudulent relocation, and prays for judgment that the plaintiff be decreed to be the owner and entitled to the possession of a one-seventh interest in the property, that his title thereto be quieted, and that the defendant Richardson (the relocator) be required to make, execute and deliver to the plaintiff a deed for such undivided one-seventh interest. It is not a suit to declare Williams a trustee, or to have the title to the interest claimed quieted in Williams or conveyed to him as trustee. Williams is not a party to the suit, neither is Lowell; and there is no issue in the pleadings as to whether Williams was, or was not, a trustee. The legal title to the share claimed by Leatherwood under the evidence is shown to be still outstanding in Williams, except in so far as it may have been abandoned by him or subsequently acquired by Allen under the relocations of 1898.

We do not need to consider the question whether the pleadings would support the findings it is claimed should have been made, or the question whether or not the relief sought, to wit, the conveyance of the title to Leatherwood and quieting of such title in him, could be granted in this suit without the joinder of other parties defendant; for an examination of the evidence fails to show or establish such a trust as would warrant the trial court in making the findings contended for by the appellant, to wit, that Leatherwood was a *cestui que trust* thereunder to the extent of the interest claimed, or of any interest. The evidence respecting such a trust is very vague and uncertain, and is founded principally upon a declaration

and the statements of Williams, the alleged trustee. Giving his evidence the most favorable aspect for the appellant, it is simply to the effect that, while he had no recollection of the transactions respecting the particular deeds in question, all the deeds that he took at about that time (of which there were a large number) for mining properties were either "deeds of trust as security or else to assist in a sale"; that he usually insisted upon having absolute deeds made; and that he did not pay any consideration therefor. That these deeds were made in pursuance of some pooling arrangement or trust seems probable, and is fairly sustained by the evidence; but what the arrangement or trust was, or whether or not it was ever executed, there is not sufficient evidence to determine, or sufficient evidence of its nature to warrant the court in finding that in 1882, when Lowell conveyed to Leatherwood, he thereby conveyed the equitable interest contended for, or any equitable interest in the property. In any event, therefore, the evidence as it appears in the record is insufficient to establish the trust contended for.

We find no error in the judgment, and it is affirmed.

SLOAN and NAVE, JJ., concur.  DOAN, J., dissents.