930 P.2d 505

Chester B. SHERRILL; Paula Myles Investments, L.L.C., an Arizona limited liability company, Plaintiffs–Appellants,

v.

CITY OF PEORIA, a municipal corporation; Janice Graziono, in her capacity as City Clerk; Lorna Thacker, in her capacity as Representative of Yes, Oppose Unresponsive Representation, Citizens of Peoria, Defendants–Appellees.

No. 1 CA–CV 95–0533.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 15, 1996.

As Amended Aug. 23, 1996.

Review Granted Jan. 14, 1997.

Beus, Gilbert & Morrill, P.L.L.C. by Paul E. Gilbert and Jeffrey D. Gross, Phoenix, for Appellants.

Office of the City Attorney by Stephen M. Kemp, Peoria, for Appellee City of Peoria.

Yen & Pilch, P.L.C. by Robert E. Yen and Caroline A. Pilch, Phoenix, for Appellee Lorna Thacker.

## OPINION

GARBARINO, Judge.

On this accelerated referendum election appeal, we find that the referendum petitions circulated were invalid because the attachments to the petitions did not include a copy of the Standards and Guidelines Report (Guidelines Report) referenced in the ordinance subject to the referendum. We reverse the trial court's dismissal of the complaint and remand with directions to enter an order granting summary judgment in favor of appellants.

## FACTUAL AND PROCEDURAL HISTORY

The trial court treated appellees' motion to dismiss as a motion for summary judgment. In reviewing summary judgment, we view the evidence and inferences to be drawn from that evidence in a light most favorable to the party opposing it. *Hill–Shafer Partnership v. Chilson Family Trust,* 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990). "On appeal from a summary judgment we determine *de novo* whether there are any genuine issues of material fact and whether the trial court erred in its application of the law." *Gonzalez v. Satrustegui,* 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App.1993).

On December 20, 1994, the City of Peoria adopted zoning Ordinance No. 94–85, rezoning a parcel of property from a General Commercial (C–4) zoning classification to a Planned Area Development (P.A.D.) classification. The ordinance made the rezoning subject to two street dedications and to the condition that development of the parcel "be in accordance with the Standards and Guidelines Report dated November 21, 1994." The Guidelines Report is a nine-page document

that actually sets out the details of the proposed development for the parcel, including architectural style, density (multi-family residential), utilities, and open space. The Guidelines Report also includes a zoning map of the area surrounding the parcel, a site plan, and a line drawing of a typical exterior of the proposed buildings.

On the day after the Peoria City Council adopted Ordinance 94–85, citizens opposing the rezoning applied for and began to circulate referendum petitions to refer the ordinance to Peoria voters. A copy of Ordinance 94–85, a legal description of the subject property, and a Peoria zoning map showing the subject property and surrounding areas were attached to each petition. The signed petitions were timely filed, and the City Clerk determined there were sufficient valid signatures to set the matter for a referendum election.

On March 14, 1995, appellants filed this suit in Maricopa County Superior Court, challenging the validity of the referendum petitions for their failure to strictly comply with constitutional and statutory requirements. The trial court granted appellees' motion to dismiss, and this appeal followed.

## DISCUSSION

Arizona courts require strict compliance with statutory and constitutional provisions for referenda. *Perini Land and Dev. Co. v. Pima County*, 170 Ariz. 380, 383, 825 P.2d 1, 4 (1992); *Western Devcor, Inc. v. City of Scottsdale*, 168 Ariz. 426, 428, 814 P.2d 767, 769 (1991). Appellants argue that the petitions circulated in this case are invalid because they did not comply with Arizona constitutional and statutory provisions that require a copy of the original ordinance imposing C–4 zoning on the parcel and the Guidelines Report to be attached to the petitions.

### I. *Failure to Attach Original Zoning Ordinance*

■ Appellants argue that the referendum petitions were invalid because a copy of the original ordinance establishing C–4 zoning on the parcel was not attached to the petition as required by Arizona Revised Statutes Annotated (A.R.S.) section 19–112(B) (Supp.1995). In *Van Riper v. Threadgill*, 183 Ariz. 580, 584, 905 P.2d 589, 593 (App.1995), we ruled that a copy of the original zoning ordinance need not be attached to the circulated petitions because A.R.S. section 19–121(E) (Supp.1995), the statute that applies to referral of legislation enacted by cities and towns, imposes no such requirement. We find no error in the trial court's refusal to invalidate the referendum petitions on the basis of appellee Lorna Thacker's failure to attach the original zoning ordinance.

### II. *Failure to Attach Guidelines Report*

■ Appellants also claim that the petitions are invalid because a copy of the Guidelines Report was not attached. The Arizona Constitution provides:

> Each sheet containing petitioners' signatures shall be attached to a full and correct copy of the title and text of the measure so proposed to be initiated or referred to the people. . . .

Ariz. Const. art. IV, Pt. 1 § 1(9). Arizona Revised Statutes Annotated section 19–121(E) specifies that for purposes of a referendum petition on municipal legislation:

> [T]he measure to be attached to the petition ... means the adopted ordinance or resolution or, in the absence of a written ordinance or resolution, that portion of the minutes of the legislative body that reflects the action taken by that body when adopting the measure. In the case of zoning measures the measure shall also include a legal description of the property and any amendments made to the ordinance by the legislative body.

Appellants argue that to comply with the constitutional and statutory provisions, a copy of the Guidelines Report must be attached to each petition. They contend that the Guidelines Report is the only document that reflects the conditions the City Council attached to its approval and consent for the development of multi-family housing on the parcel.

It is undisputed that a copy of Ordinance 94–85, including the legal description of the property, was attached to the circulated peti-

tions. Even though the Guidelines Report was not expressly incorporated by reference in the ordinance, as a practical matter, it was an intricate part of the ordinance. The failure to attach it to the petition left the signer with a fragmented understanding of the petition. The petitions were not in compliance with the requirements of the Arizona Constitution and the implementing statute, or the policies underlying those requirements.

 We hold that if an item, in this case the Guidelines Report, is referred to in an ordinance, and the ordinance itself is incomplete without it, it must be attached to the petition. To hold otherwise would be to ignore the spirit of Article IV, Part 1, section 1(9) of the Arizona Constitution. "In this situation, it is imperative that petitions 'be attached to a full and correct copy' of the measure to be referred, so that prospective signatories have immediate access to the exact wording of the public action which is to be suspended, and possibly reversed." *Cottonwood Dev. v. Foothills Area Coalition of Tucson, Inc.*, 134 Ariz. 46, 49, 653 P.2d 694, 697 (1982). However, it is not necessary to attach to the referendum petitions copies of all statutes, zoning codes or ancillary materials mentioned in a zoning ordinance when the materials have little or no specific relevance to the ordinance.

Our holding is not meant to quarrel with the ruling in *Van Riper* or take issue with the language in A.R.S. section 19–121(E). However, we do hold that when an ordinance is meaningless without its companion documents, the companion documents must be attached to the referendum petitions. If the actual physical attachment of the explanatory documents to the petition proves to be too cumbersome, the information must otherwise be made immediately available to those who may be asked to sign the petition. Citizens should not be forced either to independently seek out these documents, choose not to sign the petition because of a lack of information, or even worse, sign the petition in ignorance.

## CONCLUSION

In this case, the ordinance was incomplete without the Guidelines Report. Because signers did not have immediate access to the Guidelines Report, and it was not attached to the petitions, we hold that the petitions are invalid. We reverse the trial court and we remand with directions to enter an order granting summary judgment in favor of appellants, enjoining the City of Peoria from putting the matter on the ballot. In our discretion, we deny attorneys' fees.

FIDEL, P.J., and GRANT, J., concur.