943 P.2d 1215

Chester B. SHERRILL; Paula Myles Investments, L.L.C., an Arizona limited liability company, Plaintiffs/Appellants.

v.

CITY OF PEORIA, a municipal corporation; Janice Graziono, in her capacity as City Clerk; Lorna Thacker, in her capacity as representative of Yes, Oppose Unresponsive Representation, Citizens of Peoria, Defendants/Appellees.

No. CV–96–0530–PR.

Supreme Court of Arizona, En Banc.

Aug. 12, 1997.

Beus, Gilbert & Morrill, P.L.L.C. by Paul E. Gilbert, Jeffrey D. Gross, John T. Moshier, Phoenix, for Plaintiffs/Appellants.

Stephen M. Kemp, Peoria City Attorney by Stephen M. Kemp, Peoria, for Defendant/Appellee City of Peoria.

Yen & Pilch, P.L.C. by Caroline A. Pilch, Phoenix, for Defendant/Appellee Lorna Thacker.

W J Harrison & Associates, P.C. by W. James Harrison and Gabroy Rollman & Bosse, P.C. by Richard M. Rollman, Richard A. Brown, Phoenix, for Amicus Curiae Redhawk Marana, L.L.C.

Ellen M. Van Riper, Cave Creek, Amicus Curiae In Propria Persona.

Gregory J. Anderson, Tucson, for Amicus Curiae Robert Sharpe & Associates/Carlier Company.

OPINION.

JONES, Vice Chief Justice.

This appeal raises the question whether a petition challenging a City of Peoria zoning ordinance adequately complied with the requirements of the Arizona Constitution and referendum statutes. Petitioner Lorna Thacker, who represents a Peoria citizens group (Citizens), seeks review of an adverse decision by the court of appeals. We have jurisdiction under Arizona Constitution article VI, section 5(3), and Arizona Revised Statutes section 12–120.24.

**Factual and Procedural Background**

In December 1994, the Peoria City Council rezoned approximately sixteen acres owned by appellant Paula Myles Investments, L.L.C., from zoning classification General Commercial (C–4) to classification Planned Area Development (P.A.D.). The rezoning ordinance required in relevant part:

*Section 1.* Parcel of land in Peoria, Maricopa County, Arizona more accurately described on Attachment A is hereby conditionally rezoned from General Commercial

(C–4) zoning district to Planned Area Development (P.A.D.) zoning district.

*Section 2.* That the rezoning herein provided for be conditioned and subject to the following:

1. Development shall be in accordance with the Standards and Guidelines Report dated November 21, 1994.
2. Dedication of a 65 ft. half-street for the west half of 75th Avenue.
3. Dedication of a 30 ft. half-street for the north half of Tierra Buena Lane.

Peoria City Ordinance No. 94–85.

The Standards and Guidelines Report (Guidelines) mentioned in section 2(1) of the ordinance consisted of nine pages and included the development standards for the property. Additionally, the Guidelines revealed that the development would contain multifamily residences, that the architectural style and appearance would be as generally described, and that the project would conform to city codes, ordinances, and policies.

The day after the Peoria City Council approved the rezoning ordinance, Citizens obtained a referendum number from the city clerk in order to circulate signature petitions to place the ordinance on the ballot and subject it to challenge at the next election. The clerk provided Citizens with a copy of the ordinance, a legal description of the property, and a zoning map of the property and surrounding area. Citizens attached all of these to the petitions to be circulated. After Citizens gathered the required number of signatures, it filed the petitions with the clerk.

In March 1995, appellants filed suit in Maricopa County Superior Court challenging the validity of the petitions. Appellants contended that because Citizens did not attach a copy of the Guidelines, the petitions were insufficient as a matter of law. The trial judge granted Citizens' motion to dismiss the complaint. The court of appeals reversed, holding the referendum petitions invalid without the Guidelines and instructing the trial court to enter an order granting summary judgment in favor of appellants.

We must decide whether the referendum petition circulated by Citizens satisfied the Arizona constitutional and statutory requirement that a "full and correct copy of the title and text of the measure" be attached and available to the elector at the time his or her signature is affixed. Ariz. Const. art. IV, pt. 1, § 1(9); A.R.S. § 19–112(B). We conclude that the referendum petition as presented to petition signers complied with the constitutional and statutory requirements applicable to referendum proponents.

**Discussion**

The Arizona Constitution addresses the important legislative tools of referendum and initiative whereby the people "reserve, for use at their own option, the power to approve or reject at the polls any Act, or item, section, or part of any Act, of the Legislature." Ariz. Const. art. IV, pt. 1, § 1. Article IV, part 1, section 1(9) provides that "[e]ach sheet containing petitioners' signatures shall be attached to *a full and correct copy of the title and text of the measure* so proposed to be initiated or referred to the people...." (Emphasis added). A.R.S. § 19–112(B) essentially restates the requirements of section 1(9): "The signature sheets shall be attached to *a full and correct copy of the title and text of the measure* or constitutional amendment proposed or referred by the petition at all times during circulation." (Emphasis added). Significantly, the legislature also has provided specific guidance regarding the proper form and content of initiative and referenda petitions addressing zoning measures:

> [T]he measure to be attached to the petition as enacted by the legislative body of an incorporated city, town or county means the adopted ordinance or resolution or, in the absence of a written ordinance or resolution, that portion of the minutes of the legislative body that reflects the action taken by that body when adopting the measure. *In the case of zoning measures* the measure shall also include a legal description of the property and any amendments made to the ordinance by the legislative body.

A.R.S. § 19–121(E) (emphasis added).

There were no amendments to the Peoria ordinance. Because Citizens attached the

adopted ordinance and the legal description of the affected property to the signature petitions, it asserts that the petitions complied fully with the statutory and constitutional requirements and that the statute requires nothing more. In support, Citizens cites *Van Riper v. Threadgill*, 183 Ariz. 580, 905 P.2d 589 (App.1995). *Van Riper* involved a zoning referendum petition where, among other issues, the court of appeals was faced with the question whether the petition was defective because specific supplemental documents claimed essential to the application for rezoning were not attached. Validating the petition, the *Van Riper* court stated:

> The statute which governs what must be attached to the petition when the measure to be referred is enacted by the legislative body of an incorporated town is A.R.S. section 19–121(E) rather than A.R.S. section 19–112(B). Under A.R.S. [section] 19–121(E), the only things which **must** be attached to the petition are the ordinance or resolution, a legal description of the property in the case of a zoning measure, and any amendments to the ordinance made by the legislative body.

*Id.* at 584, 905 P.2d at 593 (emphasis added).

Here, in contrast, the court of appeals determined that Citizens' petition without the guidelines was incomplete. In so deciding, the court amplified the scope of section § 19–121(E) by announcing an additional requirement that supplemental documentation be attached to the petition:

> [I]f an item, in this case the Guidelines Report, is referred to in an ordinance, and the ordinance itself is incomplete without it, it must be attached to the petition. To hold otherwise would be to ignore the spirit of Article IV, Part 1, section 1(9) of the Arizona Constitution.
>
> . . . .
>
> [W]hen an ordinance is meaningless without its companion documents, the companion documents must be attached to the referendum petitions. If the actual physical attachment of the explanatory documents to the petition proves to be too cumbersome, the information must otherwise be made immediately available to

those who may be asked to sign the petition.

*Sherrill v. City of Peoria*, 187 Ariz. 428, 431, 930 P.2d 505, 508 (App.1996). According to the court, "copies of all statutes, zoning codes or ancillary materials mentioned in a zoning ordinance" need not be attached to a referendum petition "when the materials have little or no specific relevance to the ordinance." *Id.* Although the petition materials included a copy of the ordinance, the legal description, and the zoning map, the court found that without a copy of the Guidelines, which it considered to be "an intricate part of the ordinance," the reader of the petition was left with only a "fragmented understanding of the petition." *Id.* The court concluded that the petition without the Guidelines did not constitute a "full and correct copy of the title and text of the measure" and was therefore invalid.

The court's analysis implies that reference in the ordinance to General Commercial (C–4) and P.A.D. zoning districts without the inclusion of the Guidelines Report left the average petition signer with little idea of precisely what would be put on the ballot. We do not agree. Peoria Zoning Ordinance article 14–33 defines a P.A.D. as a zoning district for a variety of uses, including

> any development having one or more principal uses or structures on a single parcel of ground or contiguous parcels. The P.A.D. shall consist of a harmonious selection of uses and groupings of buildings, parking areas, circulation and open spaces, and shall be designed as an integrated unit, in such a manner as to constitute a safe, efficient, and convenient urban area development.
>
> . . . .
>
> Any use or combination of uses may be allowed in a P.A.D. provided it is consistent with the Peoria Comprehensive Master Plan, provided such uses are identified as permitted uses upon approval of the P.A.D.

Even though the P.A.D. ordinance does not specify intended use, it does require careful "selection of uses and groupings of buildings," and that the P.A.D. must be designated as "an integrated unit . . . consistent with

the Peoria Comprehensive Master Plan." Any interested person would be free to refuse to sign the petition and then to contact the city clerk for additional information. We also note that the petition signing phase of the referendum procedure precedes the election and that the proponents and opponents routinely communicate to the electorate all there is to know about the merits of the proposition, and more, during the course of the ensuing campaign. Moreover, we discern nothing in the petition that is calculated to mislead a petition signer.

Underlying the court of appeals' analysis is a concern that because the potential uses allowed under a P.A.D. zoning designation are multiple, a petition signer could not make an informed decision without also reading the Guidelines. We have considered this argument and find it not entirely without merit. But we look also to the controlling language of the statute which, in the end, must govern. Our responsibility is to focus directly on Citizens' petition and to decide, not whether it accomplishes every legitimate purpose on which the court or others might speculate, but whether it complies with the requirements set forth in the relevant statutory and constitutional provisions.

■ We determined previously that a referendum petition must "comply strictly with applicable constitutional and statutory provisions." *Western Devcor, Inc. v. City of Scottsdale*, 168 Ariz. 426, 429, 814 P.2d 767, 770 (1991) (citing *Cottonwood Dev. v. Foothills Area Coalition*, 134 Ariz. 46, 49, 653 P.2d 694, 697 (1982)). Petitions for initiatives and referenda on zoning measures are necessarily governed by A.R.S. § 19–121(E). Our analysis leads to the conclusion that section 19–121(E) establishes a bright-line rule that specifies three items to be attached to each petition: (1) the adopted ordinance or resolution; (2) a legal description of the property; and (3) amendments, if any, made to the ordinance. The statute on its face requires no less and no more.

■ After closely examining Citizens' petition, we conclude that the court of appeals erred in ruling the petition invalid. Citizens complied with section 19–121(E) by attaching the full text of the ordinance and a copy of the legal description of the sixteen acres. The legal description was accompanied by the zoning map which revealed the new zoning classification and the location of the property in relation to other property in the vicinity. The fact that the P.A.D. zoning classification permits multiple uses cannot serve as a basis to alter or add to the language and meaning of the controlling statute, section § 19–121(E).

We further conclude that the court of appeals' new standard requiring the attachment of "companion documents" when an ordinance is "meaningless" without them is itself vague and will spawn needless speculation inconsistent with the simple requirements of section 19–121(E). The most telling difficulty with the court of appeals' standard is that petition proponents would frequently have difficulty deciding precisely what additional materials a court might consider necessary to provide an ordinance with meaning and would force the proponent of a referendum to speculate what materials referred to in an ordinance would need to be attached to make a petition complete. This standard ventures beyond applicable statutory and constitutional requirements and introduces an unnecessary element of subjectivity and uncertainty. Although the court explained that "[o]ur holding is not meant to quarrel with the ruling in *Van Riper* or take issue with the language in A.R.S. § 19–121(E). . . .", 187 Ariz. at 431, 930 P.2d at 508, the standard it announces does both.

While well-intentioned, the court's approach is inconsistent with the Arizona Legislature's express direction that

[t]he right of initiative and referendum shall be broadly construed. If there is doubt about requirements of ordinances, charters, statutes or the constitution concerning only the form and manner in which the power of an initiative or referendum should be exercised, these requirements shall be broadly construed, and the effect of a failure to comply with these requirements shall not destroy the presumption of validity of citizens' signatures, petitions of the initiated or referred measure, unless the ordinance, charter, statute or constitu-

tion expressly and explicitly makes any fatal departure from the terms of the law.

A.R.S. § 19–111 (Historical and Statutory Notes, Laws 1989, ch. 10, § 1); *see also Pioneer Trust Co. v. Pima County,* 168 Ariz. 61, 67, 811 P.2d 22, 28 (1991) (inclusion of "surplus material" with petition did not render petition defective; reiterating that "the judicial branch has no power to keep the proposal off the ballot simply because we might believe the matter has not been submitted to the people in a fair form.") (quoting *Tilson v. Mofford,* 153 Ariz. 468, 473, 737 P.2d 1367, 1372 (1987) (Feldman, V.C.J., concurring)).

Courts must resist the temptation to "improve upon" or try to "fix" otherwise clear statutory language in an effort to make it more useful or meaningful. Rather, the responsibility to alter statutes that can be read only one way, as here, remains with the legislature. *State Tax Comm'n v. Quebe-deaux Chevrolet,* 71 Ariz. 280, 289, 226 P.2d 549, 555 (1951).

## Disposition

Because we find that A.R.S. § 19–121(E) is clear and unambiguous and that Citizens acted in compliance with it, we hold that the court of appeals erred in requiring that the referendum proponents furnish more documentation than the statute or the Arizona Constitution demand. Accordingly, we vacate the court of appeals' opinion and affirm the trial court's order dismissing the complaint.

ZLAKET, C.J., and FELDMAN, MOELLER and MARTONE, JJ., concur.